IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

SEAN DEREK WARREN,                    )
                                      )
            Petitioner,               )
                                      )
      v.                              )      1:23CV670
                                      )
TODD ISHEE, Secretary, North          )
Carolina Department of Adult          )
Correction,                           )
                                      )
            Respondent.[1]            )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Docket Entry 1.) On April 6, 1995, a jury in the Superior Court of Guilford County found Petitioner guilty of first and second degree kidnapping and robbery with a dangerous weapon in cases 93 CRS 75130, 75131, and 75134. (Docket Entry 1, ¶ 4; see also Docket Entry 6-2 at 2-5.)[2] The trial court sentenced Petitioner to two consecutive terms of 40 years' imprisonment. (Docket Entry 6-2 at 2, 4.) On June 18, 1996, the North Carolina Court of Appeals found no error in Petitioner's direct appeal, State v. Warren, 122 N.C. App. 738, 471 S.E.2d 667 (1996).

---

[1] "If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." Rule 2(a), Rules Governing Section 2254 Cases in United States District Courts. Under North Carolina law, "[t]he Secretary of the Department of Adult Correction [('DAC')] shall have control and custody of all prisoners serving sentence in the [s]tate prison system." N.C. Gen. Stat. § 148-4. Accordingly, under Rule 25(d) of the Federal Rules of Civil Procedure, the current DAC Secretary, Todd Ishee, automatically substitutes as Respondent in this matter.

[2] Pin citations refer to the page numbers in the footers appended to documents by the CM/ECF system.

Petitioner thereafter filed a pro se motion for appropriate relief ("MAR") with the state trial court (Docket Entry 6-5), which he dated as signed on November 22, 2005 (see id. at 8), and which the trial court accepted as filed on February 2, 2006 (see id. at 2). The trial court summarily denied the MAR by order dated and filed September 7, 2006. (Docket Entry 6-6.) Subsequently, Petitioner filed a second pro se MAR with the state trial court (Docket Entry 6-7), which he dated as signed on August 5, 2009 (see id. at 28), and which the trial court accepted as filed on August 14, 2009 (see id. at 2). The trial court summarily denied that motion by order dated and filed September 18, 2009. (Docket Entry 6-8.) Petitioner next filed a pro se petition for certiorari with the North Carolina Court of Appeals challenging the denial of his 2009 MAR (Docket Entry 6-9), which he dated as submitted on October 30, 2009 (see id. at 10), and which that court accepted as filed on December 3, 2009 (see id. at 2). On December 10, 2009, the North Carolina Court of Appeals denied that petition. (Docket Entry 6-10.) Later, Petitioner filed a second pro se certiorari petition with the North Carolina Court of Appeals seeking review of his underlying kidnapping and robbery sentences (Docket Entry 6-11), which he dated as submitted on September 5, 2012 (see id. at 6), and which that court accepted as filed on September 10, 2012 (see id. at 2). On September 17, 2012, the North Carolina Court of Appeals dismissed Petitioner's second certiorari petition. (Docket Entry 6-12.)

Petitioner thereafter submitted a petition under 28 U.S.C. § 2254 to this Court, Warren v. Perry, No. 1:13CV72, Docket Entry 2 (M.D.N.C. Jan. 22, 2013) ("2013 Section 2254 Petition"), which he dated as mailed on January 22, 2013, id., Docket Entry 2 at 14, and which the Court stamped as filed on January 29, 2013, id., Docket Entry 2 at 1.[3] The Court dismissed the petition as untimely on June 3, 2014, Warren v. Perry, No. 1:13CV72, 2014 WL 2404509 (M.D.N.C. June 3, 2014) (unpublished), and the Fourth Circuit dismissed Petitioner's appeal for lack of a certificate of appealability, Warren v. Young, No. 14-6917, 586 F. App'x 116 (4th Cir. Dec. 1, 2014) (unpublished).

Petitioner then returned to the state trial court, filing therein a "Petition to Correct Clerical Error" (Docket Entry 6-15), which he dated as signed on April 22, 2015 (see id. at 5), and which the trial court stamped as filed on April 28, 2015 (see id. at 2). The trial court denied the petition on May 1, 2015 (Docket Entry 6-16), and later denied Petitioner's motion for reconsideration (Docket Entry 6-17) on July 30, 2015 (Docket Entry 6-18).

On October 12, 2017, this Court file-stamped a letter motion from Petitioner requesting a judge of this Court to correct the length of his underlying state kidnapping sentence. Warren v. Hooks, No. 1:17CV923, Docket Entry 1 at 1 (M.D.N.C. Oct. 12, 2017)

---

[3] Under Rule 3(d) of the Rules Governing Section 2254 Cases in United States District Courts, the Court deems that petition filed on January 22, 2013, the date Petitioner signed the petition (under penalty of perjury) as submitted to prison authorities. See Warren v. Perry, No. 1:13CV72, Docket Entry 2 at 14 (M.D.N.C. Jan. 22, 2013).

-3-

("2017 Section 2254 Petition").[4] The Court construed that filing as a petition under Section 2254, id., Docket Entry 2 at 1 (M.D.N.C. Oct. 19, 2017), and dismissed it without prejudice as "second or successive" without pre-filing authorization from the United States Court of Appeals for the Fourth Circuit under 28 U.S.C. § 2244(b)(3)(A), id. at 2.

Several years later, Petitioner submitted a habeas petition to the state trial court (Docket Entry 6-13), which he dated as signed on April 25, 2023 (see id. at 9), and which that court accepted as filed on April 28, 2023 (see id. at 2). On May 9, 2023, that court denied the habeas petition. (Docket Entry 6-14.)

On August 2, 2023, Petitioner filed the instant Petition under 28 U.S.C. § 2241 (Docket Entry 1),[5] and Respondent moved to dismiss the Petition under Section 2244(b)(3)(A) as successive without pre-filing authorization from the Fourth Circuit and as untimely. (Docket Entry 5; see also Docket Entry 6 (Supporting Brief).) Petitioner responded in opposition. (Docket Entry 9.) For the reasons that follow, the Court should find the Petition successive without pre-filing authorization and grant Respondent's instant Motion.

---

[4] Although Petitioner dated the letter motion October 10, 2017, he did not declare under penalty of perjury that he submitted it to prison authorities for mailing on that date, and, thus, under Rule 3(d) of the Rules Governing Section 2254 Cases, the date the Court file-stamped the letter (October 12, 2017) constitutes its filing date. Warren v. Hooks, No. 1:17CV923, Docket Entry 1 at 1 (M.D.N.C. Oct. 12, 2017).

[5] Under Rule 3(d) of the Rules Governing Section 2254 Cases, the Court deems the instant Petition filed on August 2, 2023, the date Petitioner declared under penalty of perjury that he submitted the Petition to prison authorities for mailing (see Docket Entry 1 at 9).

-4-

**Petitioner's Ground for Relief**

Petitioner raises one ground for relief in his Petition: "Prison modified my sentence from original judicial intent in violation of my 6th, 14th, 8th [and] 5th Amendment rights of the U.S. Constitution and in violation of rights and protections under the Seperation [sic] of Powers Clause of [the] U[.]S[.] Constitution." (Docket Entry 1, ¶ 13(Ground One).)

**Discussion**

Respondent contends that "[t]he instant [P]etition is successive without authorization" (Docket Entry 6 at 6), and, thus, that "th[e] Court should dismiss [it] for want of jurisdiction" (id. at 7 (citing United States v. Winestock, 340 F.3d 200, 205 (4th Cir. 2003))). In support of that argument, Respondent points out that, although "Petitioner filed th[e P]etition under [Section] 2241[] challenging the execution of his sentence[s]" (id. at 5), "the Fourth Circuit has concluded [that] . . . [a Section] 2241 petition is subject to the same procedural requirements as those filed under [Section] 2254" (id. (citing In re Wright, 826 F.3d 774, 783 (4th Cir. 2016))), which requirements include obtaining "permission from the local federal court of appeals" to file a successive federal habeas petition (id. at 6 (citing 28 U.S.C. § 2244(b)(3)(A))). In Respondent's view, the instant Petition qualifies as successive, because the Court dismissed Petitioner's 2013 Section 2254 Petition as untimely (id. (citing Warren, 2014 WL 2404509, at *1)), which constituted an "adjudicat[ion] . . . on the merits" (id. (citing Plaut v. Spendthrift Farm, Inc., 514 U.S. 211,

-5-

228 (1995))), and the ground for relief in the instant Petition remained "'available to [P]etitioner at the time of [the 2013 § 2254 P]etition's filing'" (id. (quoting Wright, 826 F.3d at 784)). Respondent thus asserts that "[Section] 2241 required Petitioner to obtain authorization [from the Fourth Circuit] before filing the instant . . . [P]etition[, which he] . . . failed to do." (Id. at 7.)

"Although Petitioner purports to bring his petition under [Section] 2241, the Fourth Circuit has held that[,] 'regardless of how they are styled, federal habeas petitions of prisoners who are in custody pursuant to the judgment of a [s]tate court should be treated as applications under [S]ection 2254 for purposes of [Section] 2244(b), even if they challenge the execution of a state sentence. Therefore, those petitions are subject to the second-or-successive authorization requirement set forth in [Section] 2244(b)(3).'" Sellars v. Hooks, No. 1:18CV956, 2019 WL 4395130, at *2 (M.D.N.C. June 19, 2019) (unpublished) (Webster, M.J.) (quoting Wright, 826 F.3d at 779) (internal quotation marks omitted), recommendation adopted, 2019 WL 4393530 (M.D.N.C. Sept. 13, 2019) (unpublished) (Tilley, S.J.). As "Petitioner is [] a prisoner of the [s]tate of North Carolina . . ., he must obtain pre-filing authorization from the Fourth Circuit to raise [his ground for relief] in the current [P]etition" if that ground qualifies as "'second or successive.'" Id. (citing Wright, 826 F.3d at 779, and quoting 28 U.S.C. § 2244(b)(3)(A)). "'Although Congress did not define the phrase second or successive, . . . it

is well settled that the phrase does not simply refer to all [Section] 2254 applications filed second or successively in time.'" Wright, 826 F.3d at 783-84 (quoting Magwood v. Patterson, 561 U.S. 320 331–32 (2010)) (internal quotation marks and brackets omitted). Rather, a claim qualifies as second or successive where the "claim[] w[as] available to the petitioner at the time of a prior petition's filing." Id. at 784.

In support of Petitioner's ground for relief that the "[p]rison modified [his] sentence from original judicial intent in violation of [his] 6th, 14th, 8th [and] 5th Amendment rights of the U.S. Constitution and in violation of rights and protections under the Seperation [sic] of Powers Clause of [the] U[.]S[.] Constitution" (Docket Entry 1, ¶ 13(Ground One)), he offers the following, pertinent "[f]acts [f]or the Court" (id. at 9):

> I have completed my entire original sentence according to <u>original sentence calculations</u> under [the Fair Sentencing Act ("FSA")]. I have been in prison now for an additional 10 plus years beyond my sentencing calculations <u>originally calculated</u> under the sentence [and] stipulations of the [FSA]. When Congress [sic] wrote [and] enacted the new sentencing stipulations under the Structured Sentencing Act (SSA)[,] Congress [sic] very specifically stated that the SSA was not retroactive ([and] thus, by law[,] does not effect [sic] my original sentencing). I have completed my entire sentence as figured under the FSA, [and] according to original [j]udicial [i]ntent. I am actually innocent of any new crime or sentence imposed under the SSA. . . . This matter could not be heard under § 2254 as it is the issue that the DPS has modified my sentence calculation now, years after the the [sic] finalization of my issues of appellate avenues, thus placing the issue far beyond the one year scope [sic] limitation of § 2254[.] . . .

(Id. at 9-10 (emphasis added) (paragraph formatting omitted); see also id., ¶ 7(b) ("<u>The issue didn't come about until they didn't</u>

-7-

release me [and] I found out that they modified my sentence many years after my original sentencing[.]" (emphasis added)), 10 ("I have in my possession my original Time Calculation Sheets, figured by the Dept. Of Public Safety (DPS) under the rules [and] law governing my case under the FSA, which state explicitly that my release date [and] sentence completion date is: 'no later than March 12, 2012.'" (emphasis added) (ellipses omitted)), 13 ("At the time of my sentencing by [the state trial court], [and] under the FSA, my time calculation in prison was figured to be completed [and] I was to be released no later than March 1, 2012." (emphasis added)).)

As the above-emphasized allegations make abundantly clear, Petitioner knew, or should have known, of the factual predicate underlying his instant ground for relief "[a]t the time of his sentencing by [the state trial court]" in April 1995 (id. at 13 (emphasis added)), and certainly no later than March 2012, when the prison system did not release him from incarceration on March 1 (or 12), 2012. Thus, Petitioner could have raised this ground for relief at the time he filed the 2013 Section 2254 Petition on January 22, 2013, see Warren v. Perry, No. 1:13CV72, Docket Entry 2 (M.D.N.C. Jan. 22, 2013), such that the instant Petition qualifies as successive, see Wright, 826 F.3d at 784 ("The claims raised in [the petitioner]'s proposed petition were clearly available to him before he filed prior applications. His first three claims are based on the argument that he should be treated as a[n FSA] inmate, rather than a[n SSA] inmate, for purposes of

-8-

credit, parole determination, and honor-grade classification. But the SSA became effective October 1, 1994, two years before [the petitioner] was sentenced in 1996. Therefore, [the petitioner] has been able to raise his FSA-related claims for the entirety of his term of incarceration." (internal citations omitted)); Sellars, 2019 WL 4395130, at *2 ("All these claims [challenging the calculation of his sentences] were, or could have been, brought in [the p]etitioner's 1999 federal habeas petition, in which he argued that he was being held in prison beyond the date on which he was eligible for parole because his parole eligibility date had been miscalculated and he had not been credited for his good/gain time. Therefore, all these claims are second or successive.").

As Petitioner did not obtain authorization from the Fourth Circuit to bring the successive ground for relief in the instant Petition as required by 28 U.S.C. § 2244(b)(3)(A), this Court lacks jurisdiction to consider the claim, see Winestock, 340 F.3d at 205, and should dismiss the Petition.[6]

---

[6] Respondent argues in the alternative that "th[e] Court should dismiss the instant [P]etition as untimely" because, "[e]ven using the most Petitioner-friendly reasonable date as the 'starting date' [for the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act ('AEDPA'), 28 U.S.C. § 2244(d)(1)] – 12 March 2012, *i.e.*, the date he was supposedly set to be released – Petitioner ran out of time to file the instant [P]etition on 12 March 2013." (Docket Entry 6 at 8.)  Petitioner's conclusory statement that his Petition "is not an extension of [his] appeal," and that the "issue [raised in the Petition] didn't come about until the tolling of time ended for [him] to file under Section 2254" (Docket Entry 9 at 8) does not suffice to establish a later commencement of the limitations period, see 28 U.S.C. § 2244(d)(1)(D) (allowing limitations period to begin on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence"); see also Farabee v. Clarke, No. 2:12CV76, 2013 WL 1098098, at *3 (E.D. Va. Feb. 19, 2013) (unpublished) (finding subparagraph (D) inapplicable where the petitioner's "threadbare" allegations failed to explain inability to discover predicate earlier), recommendation adopted, 2013 WL 1098093 (E.D. Va. Mar. 13, 2013) (unpublished); Norrid v. Quarterman, No. 4:06CV403, 2006 WL
(continued...)

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion to Dismiss (Docket Entry 5) be granted, that the Petition (Docket Entry 1) be dismissed as successive without authorization under 28 U.S.C. § 2244(b)(3)(A), and that this action be dismissed.

                                                /s/ L. Patrick Auld
                                                **L. Patrick Auld**
                                    **United States Magistrate Judge**

April 30, 2024

---

[6](...continued)
2970439, at *1 (N.D. Tex. Oct. 16, 2006) (unpublished) (concluding that the petitioner bears burden of establishing applicability of Section 2244(d)(1)(D), including his due diligence, and that conclusory statements do not satisfy burden). Due to the dispositive, jurisdictional nature of Respondent's argument regarding the successiveness of the Petition, the Court need not further consider the timeliness issue.